IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMAR SPURILL,** | : | **CIVIL NO. 1:16-CV-1862** |
| Petitioner | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| **SUPERINTENDENT TRITT, MICHELLE HENLY, KATHLEEN KANE,** | : | |
| Respondents | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 (Doc. 1), filed by Lamar Spurill ("Spurill"), an inmate confined at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"). Preliminary review of the petition has been undertaken and, for the reasons set forth below, the petition will be dismissed. See R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears that the petitioner is not entitled to relief).

**I.     Background**

Spurill alleges that he was transferred to the Restricted Housing Unit ("RHU"), for assaulting a staff member. (Doc. 1 at 2). He alleges that his Eighth and Fourteenth Amendment due process rights are being violated because of his prolonged placement in the RHU. (Id. at 3). He also alleges that his Eighth Amendment rights are being violated in that he is subjected to cruel and unusual

punishment in the RHU. (Id.) Spurill also asserts that he is enduring mental pain and suffering, and is unable to complete prison programs while housed in the RHU. (Id. at 2). Spurill seeks an order releasing him from the RHU, a permanent assignment to a particular cell, monetary damages for his pain and suffering, and he requests that a rape charge be removed from his prison file. (Id. at 3).

## II.    Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Spurill does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he challenges his transfer to the RHU and the denial of certain rights while housed in the RHU. Because he is seeking relief based on the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, the petition will be dismissed without prejudice to any right Spurill may have to reassert his present claims in a properly filed civil rights complaint.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: September 15, 2016